[Cite as *State v. Davis*, 2023-Ohio-513.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF MENTOR,

        Plaintiff-Appellee,

- vs -

KENNETH RAY DAVIS, JR.,

        Defendant-Appellant.

CASE NOS. 2023-L-009
             2023-L-010

Criminal Appeal from the
Mentor Municipal Court

Trial Court Nos. 2022 CRA 01371 B
                2022 CRA 01371 A

## M E M O R A N D U M
## O P I N I O N

Decided: February 21, 2023
Judgment: Appeals dismissed

*Joseph P. Szeman,* City of Mentor Director of Law, The Matchworks Building, 8500 Station Street, Suite 245, Mentor, OH 44060 (For Plaintiff-Appellee).

*Kenneth Ray Davis, Jr.,* pro se, 1460 East 196th Street, Euclid, OH 44117 (Defendant-Appellant)

EUGENE A. LUCCI, J.

{¶1} Appellant, Kenneth Ray Davis, Jr., pro se, filed a notice of appeal on January 17, 2023, from a judgment entry issued by the Mentor Municipal Court on January 9, 2023, which denied his motion to vacate the court's bind over order.

{¶2} On December 16, 2022, appellant was charged with receiving stolen property, in violation of R.C. 2913.51(A). After the municipal court held a preliminary hearing, probable cause was found, and the court ordered that appellant be bound over to the court of common pleas on January 5, 2023.

**{¶3}** Pursuant to Crim.R. 5(B)(4)(a) and (5):

**{¶4}** "Preliminary Hearing in Felony Cases; Procedure.

**{¶5}** "* * *.

**{¶6}** "Upon conclusion of all the evidence * * * the court shall do one of the following:

**{¶7}** "(a) Find that there is probable cause to believe the crime alleged * * * has been committed and that the defendant committed it, and bind the defendant over to the court of common pleas * * *.

**{¶8}** "(5) Any finding requiring the accused to stand trial on any charge shall be based solely on the presence of substantial credible evidence thereof. No appeal shall lie from such decision * * *."

**{¶9}** Appellant's attempt to appeal the bind-over order is precluded by the Ohio Criminal Rules. Thus, appellant cannot challenge the bind over to the court of common pleas. *See State v. Miller*, 9th Dist. Summit No. 12198, 1986 WL 1127, *2 (Jan. 22, 1986). (Citing the foregoing criminal rule and holding an appellant "cannot challenge the trial court's finding of probable cause and subsequent binding over to the grand jury for indictment.")

**{¶10}** Appeals dismissed.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.


2

Case Nos. 2023-L-009 and 2023-L-010